IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN (J.C.) KELL,<br><br>Plaintiff,<br><br>vs.<br><br>FREEDOM ARMS INC.,<br><br>Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>KELL BROTHERS GUNS, INC. and JOHN D. KELL,<br><br>Third-Party Defendants. | CV 24-31-M-DWM<br><br>ORDER |

On October 13, 2022, Plaintiff John Kell and his father, John D. Kell ("J.D. Kell") were riding in a side-by-side utility vehicle on an unpaved road outside of Libby, Montana, when the vehicle hit a bump and the Freedom Arms Model 83 pistol holstered on Kell's chest discharged. (Doc. 11 at ¶¶ 9, 10, 19–22.) The bullet traveled into Kell's left arm, causing serious and permanent injuries. (*Id.* ¶¶ 23–26.) The firearm was manufactured by Defendant Freedom Arms Inc. in 2001, and sold to Kell Brothers Guns, Inc., a company owned by J.D. Kell that same year. (Doc. 16-1 at ¶ 6; *see id.* at 4, 6.) On February 29, 2024, Kell sued

1

Freedom Arms, alleging numerous causes of action related to the incident. (*See* Docs. 1, 11.)  On February 7, 2025, Freedom Arms filed a third-party complaint against J.D. Kell and Kell Brothers Guns. (Doc. 49.)  In response, J.D. Kell, acting pro se, filed a request to extend the answer deadline by 60 days in order to secure counsel for both him and Kell Brothers Guns, (Doc. 61), as well an answer on behalf of himself,[1] (Doc. 62), and an answer on behalf of Kell Brothers Guns, (Doc. 63).  While J.D. Kell may represent himself in this litigation, "[a]ny entity other than an individual, including but not limited to a corporation, an unincorporated association, a partnership, or a union, may appeal only by attorney." D. Mont. L.R. 83.8(b).

Accordingly, IT IS ORDERED that the answer J.D. Kell filed on behalf of Kell Brothers Guns, (Doc. 63), is STRICKEN.  Although J.D. Kell's answer, (Doc. 62), is considered properly filed, the request to extend (Doc. 61) is GRANTED. Kell Brothers Guns must, through counsel, file its answer on or before May 27,

---

[1] In his answer, J.D. Kell states that he is not "John Kell, Sr." and that the Third-Party Complaint is therefore invalid. (*See* Doc. 62 at 3.)  The abbreviation, "Sr." is used to distinguish a man from his son when they both have the same name. *See* "Senior," *Black's Law Dict.* 1484 (9th ed. West 2009).  That is the case here. While that may not be the moniker that J.D. Kell prefers or uses, it is not incorrect and does not undermine the validity of Freedom Arms's pleading. *Cf. McGuckin v. Smith*, 974 F.2d 1050, 1057 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). However, based on J.D. Kell's clear preference, the caption is amended to replace "John Kell, Sr." with "J.D. Kell."

2

2025. J.D. Kell may file an amended answer by that same date. The failure of either party to do so may result in the entry of default judgment against one or both of them. *See* Fed. R. Civ. P. 55.

IT IS FURTHER ORDERED that the caption is amended as reflected above to replace "John Kell, Sr." with "John D. Kell."

DATED this 19th day of March, 2025.

Donald W. Molloy, District Judge
United States District Court