IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| JOHN (J.C.) KELL,<br><br>        Plaintiff,<br><br>vs.<br><br>FREEDOM ARMS INC.,<br><br>        Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>KELL BROTHERS GUNS, INC. and JOHN D. KELL,<br><br>        Third-Party Defendants. | CV 24-31-M-DWM<br><br>ORDER |

On October 13, 2025, Plaintiff John C. Kell and Defendant Freedom Arms, Inc. each filed thirteen motions in limine. (*See* Docs. 95, 97, 99, 101, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 129, 125, 127, 131.) While the Court will delay ruling on several of those motions until the opposing party has had the opportunity to respond, this order addresses those that need no response. Two features of how trial will proceed here are worth mentioning. First, consistent with this Court's admonition during the pretrial conference, experts will be held to their disclosures. *See* Fed. R. Civ. P. 26(a)(2). Second, because it is almost impossible

1

to predict how evidence will be presented in the abstract, it is often most appropriate to leave a determination of the "exact contours" of admissibility until trial. *Raugust v. Abbey*, 2022 WL 1468296, at *2 (D. Mont. May 10, 2022). Indeed, "*[i]n limine* ruling are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Bearing these concepts in mind, IT IS ORDERED that:

(1)   Freedom Arms' Motion in Limine No. 3 to limit treating doctors' testimony to scope of their treatment (Doc. 99) is GRANTED. The doctors that treated Plaintiff may testify only to his care, treatment, and prognosis. *See* Fed. R. Civ. P. 26(a)(2)(C); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 820–21, 826 (9th Cir. 2011).

(2)   Freedom Arms' Motion in Limine No. 5 regarding the Plaintiff's testimony (Doc. 103) is GRANTED in PART and DENIED in PART. Expert testimony is generally limited to those opinions disclosed pursuant to either Rule 26(a)(2)(B) or Rule 26(a)(2)(C). However, opinion testimony by a lay witness may be admissible depending on its context, *see* Fed. R. Evid. 701, and that assessment will be made when an objection is made at trial.

(3)   Freedom Arms' Motion in Limine No. 6 regarding the John D. Kell's testimony (Doc. 105) is GRANTED in PART and DENIED in PART. Expert

testimony is generally limited to those opinions disclosed pursuant to either Rule 26(a)(2)(B) or Rule 26(a)(2)(C). However, opinion testimony by a lay witness may be admissible depending on its context, see Fed. R. Evid. 701, and that assessment will be made when an objection is made at trial.

(4)  Freedom Arms' Motion in Limine No. 7 regarding a "duty to recall" (Doc. 107) is DENIED subject to renewal at trial.

(5)  Freedom Arms' Motion in Limine No. 8 regarding allegedly similar incidents (Doc. 109) is DENIED subject to renewal at trial.

(6)  Freedom Arms' Motion in Limine No. 9 regarding redundant witnesses (Doc. 111) is DENIED subject to renewal at trial. See Fed. R. Evid. 403, 611.

(7)  Freedom Arms' Motion in Limine No. 10 regarding hierarchy of design (Doc. 113) is DENIED subject to renewal at trial.

(8)  Freedom Arms' Motion in Limine No. 11 regarding graphic images[1] (Doc. 115) is DENIED subject to renewal at trial.

(9)  Freedom Arms' Motion in Limine No. 12 regarding Plaintiff's text messages (Doc. 117) is DENIED subject to renewal at trial. See Fed. R. Evid. 801, 803, 804.

---

[1] This motion is mistakenly captioned as a second motion to "preclude all testimony regarding a hierarchy of design." (See Doc. 115.)

3

(10) Freedom Arms' Omnibus Motion in Limine (Doc. 119) is GRANTED in PART and DENIED in PART as follows:

    (i)    Requests for discovery: DENIED

    (ii)    Expert reports: GRANTED

    (iii)    Lay witness opinions on medical issues: GRANTED

    (iv)    Lay witness opinions as to liability or defects: DENIED subject to renewal at trial if adequate foundation shown, *see* Fed. R. Evid. 701.

    (v)    Lay witness opinions concerning economic evaluation: DENIED subject to renewal at trial if adequate foundation shown, *see* Fed. R. Evid. 701.

    (vi)    Business information relating to Freedom Arms and/or its parents and/or subsidiaries: GRANTED as to the trial on the merits, DENIED subject to renewal as it relates to punitive damages if the case proceeds that far

    (vii)    Recalls of Freedom Arms products: DENIED subject to renewal at trial

    (viii)    References to Freedom Arms' counsel: GRANTED

    (ix)    References to statements of physicians: DENIED subject to renewal at trial

    (x)    Arguments regarding the *relative* wealth of the parties: GRANTED

    (xi)    Insurance coverage: GRANTED

    (xii)    Urging the jury to "send a message": GRANTED as to the trial on the merits, DENIED subject to renewal as it relates to punitive damages if the case proceeds that far

4

  (xiii) Settlement negotiations: GRANTED

(11) Plaintiff's first set of motions in limine (Doc. 125) are GRANTED in PART and DENIED in PART as follows:

  1. Employment of attorneys: GRANTED

  2. Fact of filing of motions in limine: GRANTED

  3. Secondary gain or malingering: DENIED subject to renewal at trial

  4. Disparaging remarks about parties and counsel: GRANTED as to personal attacks that are not based in the relevant, admissible evidence presented in the case and DENIED subject to renewal at trial to the extent that the parties disagree about the definition of "disparaging"

  5. Lack of prior accidents with product: DENIED subject to renewal at trial

  6. Argument that Freedom Arms' compliance with government or industry standard precludes liability or punitive damage: GRANTED

  7. Evidence of preexisting conditions or injuries: DENIED subject to renewal at trial

  8. Tax status: GRANTED

  9. Freedom Arms' financial condition, financial affairs, net worth: GRANTED as to the trial on the merits, DENIED subject to renewal as it relates to punitive damages if the case proceeds that far

(12)  Plaintiff's Motion in Limine 10-12 regarding Freedom Arms' assertion of subsequent design modification (Doc. 127) is DENIED subject to renewal at trial.

(13)  Plaintiff's Motion in Limine 13 regarding alleged misuse of the product (Doc. 131) is GRANTED in PART and DENIED in PART as follows:

   1.  Drinking and drug use: GRANTED

   2.  Not reading or understanding the manual: DENIED subject to renewal at trial

   3.  General gun safety guidelines: DENIED subject to renewal at trial

   4.  User's loading all five chambers and/or handling the model with a cartridge in line with the firing pin: DENIED subject to renewal at trial

   5.  Subsequent design modifications or mis-assembly by a third party: DENIED subject to renewal at trial

The remaining motions in the case will be addressed after the opposing party has responded.

DATED this 21st day of October, 2025.

Donald W. Molloy, District Judge
United States District Court